## Flynn v. Flynn.

*Husband and wife—Equity—Support and maintenance—Desertion—Husband out of jurisdiction—Property within the jurisdiction—Seizure of property—Appointment of receiver—Act of April 27, 1909.*

1. Where it is made to appear to a court of equity, upon the petition of a wife for an order for support and maintenance, that her husband deserted her without cause, making no provision whatsoever for her support, and that he owns sufficient property within the jurisdiction to provide suitably for her maintenance, she is entitled to relief against such property in the manner provided by the Act of April 27, 1909, P. L. 182, and its supplements.

2. The defendant having been served by publication, as authorized by the Act of April 6, 1859, P. L. 387, the court will make an order for the proper payments, and, to carry its decree into effect, will appoint a receiver to assume charge of the property.

Bill for seizure of property for support and maintenance. C. P. Lackawanna Co., Nov. T., 1922, No. 18, in Equity.

*David J. Reedy* and *Stanley F. Coar,* for plaintiff.

*O'Brien & Kelly,* for defendant.

NEWCOMB, J., Jan. 3, 1923.—The relief prayed for is the seizure of defendant's income derived from certain lands in this city, hereinafter described, for and towards plaintiff's support and maintenance. The bill went to judgment *pro confesso* for want of both appearance and answer on the part of defendant.

Flynn *v.* Flynn.

From the pleadings and proofs the following are found to be the

## Facts.

1. The parties are husband and wife, having their domicile in this city, where they had lived and cohabited as such from the date of their marriage in July, 1918, until September, 1922, when defendant absconded from their home and without reasonable cause deserted his wife, making no provision whatsoever for her support.

2. Such desertion has been persisted in ever since. Defendant has not in the meantime communicated with plaintiff or contributed anything to her support. His whereabouts are unknown, although he is believed to be living somewhere in the State of New York. Accordingly, upon due proof that personal service of process could not be had in this Commonwealth, the bill was by order of court served upon defendant by publication, as in such case provided by the Act of April 6, 1859, P. L. 387.

3. At the time of his desertion defendant was in the actual possession—and apparently seized—of a parcel of land with its improvements, in the 13th Ward of this city, described as follows:

"Beginning at a point fifty-eight (58) feet distant from the southerly side of Electric Avenue, at the corner of said Electric Avenue and an alley for public purposes, ten (10) feet wide, said alley running parallel to Sanderson Avenue, at a distance of one hundred fifty (150) feet from said Sanderson Avenue and said starting point, being the southwesterly corner of lot now owned by Thomas Flynn, grantee; thence in a southerly direction along said alley forty-five (45) feet to a corner; thence in a northwesterly direction at right angles with said alley a distance of one hundred fifty (150) feet to Sanderson Avenue; thence in a northeasterly direction along Sanderson Avenue forty-five (45) feet to a point in the northwesterly corner of lot now owned by Thomas Flynn; thence in a southeasterly direction one hundred fifty (150) feet to the place of beginning," being the same premises conveyed to defendant by deed of M. J. Healey and others, dated July 8, 1904, and recorded in the proper office of this county in Deed Book No. 205, page 358. The location is on the easterly side of Sanderson Avenue. The improvements consist of two double dwelling-houses, designated on the avenue as Nos. 1800 to 1806, inclusive.

4. The houses are rented in four parcels and yield a total rental of $170 per month, which defendant collected in person so long as he lived here. During his absence it is believed the collections are made by an agent unknown to the plaintiff.

5. The fact is noted that, soon after the marriage, a deed was put upon record purporting to have been made two days in advance of the marriage, conveying this property to defendant's sons, with a reservation of the life estate in grantor.

The facts warrant the following

## Conclusions of law.

1. Defendant is of sufficient ability to provide suitable maintenance for his wife. She is, therefore, entitled to relief as against his property within the jurisdiction of the court in manner provided by the Act of April 27, 1909, P. L. 182, and its supplements.

2. Defendant should for that purpose be charged with the sum of $250, payable forthwith, together with the further sum of $60 per month, payable to plaintiff on the first day of each month, effective Jan. 1st inst.

3 D. & C.

Flynn v. Flynn.

3. In order to carry the decree into effect, the rentals of the property mentioned should be seized by the court by the hand of a receiver, with authority to assume charge of the premises and to keep the same rented to proper tenants to the best advantage. Defendant should also pay the costs of this proceeding.

Let a decree *nisi* be entered in accordance with the second and third conclusions of law. Exceptions, if any, to be filed within ten days.

From William A. Wilcox, Scranton, Pa.